NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TWO BROTHERS CONSTRUCTION CORP., | |
| Plaintiff, | CIVIL NO. 06-643 (GEB) |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM OPINION |
| Defendant. | |

**BROWN, Chief District Judge**

This matter comes before the Court upon Defendant United States of America (hereinafter "Defendant") Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Docket Entry # 6]. The action was reassigned to the undersigned on November 16, 2006, and the Court, having read and fully considered all of the parties' submissions, has decided this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, Defendant's Motion to Dismiss is granted in its entirety.

I.   BACKGROUND

Plaintiff Two Brothers Construction Corp. (hereinafter "Plaintiff") filed a Complaint for Lien Action pursuant to Title 26, United States Code, Section 6320 and/or 6330(d). Plaintiff's Complaint seeks judicial review of the redetermination of the United States Internal Revenue Services assessment of taxes, penalties and interest allegedly illegally assessed against Plaintiff and attached upon Plaintiff's property and earnings in the form of a tax lien. Plaintiff's Complaint further alleges that the IRS failed to: provide Plaintiff with an opportunity to file an

offer in compromise; follow proper collection procedures; and provide Plaintiff with a fair hearing.

The events leading to the instant appeal are as follows: on July 7, 2005, the United States Internal Revenue Service (hereinafter "IRS") sent Plaintiff a Notice of Filed Federal Lien and Your Right to a Hearing Under IRC 6320 for unpaid Form 941[1] taxes for the tax periods ending June 30, 2003, September 30, 2003, March 31, 2004 and June 30, 2004. (Compl., ¶¶ 5, 7). On August 5, 2005, Plaintiff exercised its right to a collection due process hearing (hereinafter "hearing") under Title 26, United States Code, Section 6330. (Compl., Ex. A). Prior to the hearing, the IRS sent a correspondence to Plaintiff. The correspondence requested that Plaintiff provide "supporting documents of your issues and/or submit a completed financial statement for consideration of a collection alternative." (*Id.*). The correspondence went on to request from Plaintiff "copies of cancelled checks or proof of timely made federal tax deposits if you feel that you have made federal tax deposits and/or payments specifically designated for the quarters listed on the filed federal tax lien but were misapplied by Compliance." This request was presented on the bottom of page 2 of the correspondence, and was written in bold type. (*Id.*). At the time of the hearing, no documents had been provided by Plaintiff to Defendant. (*Id.*).

On November 29, 2005, the hearing was held via telephonic conference call. (*Id.*). Plaintiff requested to enter into an installment agreement and/or submit an offer in compromise as alternative collection procedures. (*Id.*). It was determined by the IRS that "collection

---

[1] Form 941 is a quarterly self-reporting form required to be filed by an employer to report wages paid, tips employees have received, federal income tax withheld, employer and employees' share of social security and Medicare taxes and advance earned income tax credit payments. *See* www.irs.gov/pub/irs-pdf/941.pdf.

alternatives [were] not an option . . . due to [Plaintiff's] inability to remain in compliance." (*Id.*). Further, the IRS held that it had "balanced the need for efficient tax collection with any concerns of intrusiveness that [Plaintiff] might have had regarding the [lien] action taken . . . the action taken was not more intrusive than necessary." (*Id.*).

Plaintiff appealed and on January 13, 2006, the IRS Appeals Office issued a Notice of Determination upholding the findings and determinations previously set forth. (*Id.*) Thereafter, Plaintiff timely appealed to the district court.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the Complaint as true, and viewing them in the light most favorable to Plaintiff, Plaintiff is not entitled to relief. *Oran v. Stafford*, 226 F.3d 275, 279 (3d Cir. 2000); *Langford v. City of Atl. City*, 235 F.3d 845, 850 (3d Cir. 2000); *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3d Cir. 1986). The Court may not dismiss the Complaint unless Plaintiff can prove no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985), *cert. denied*, 474 U.S. 935 (1985). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Jackson v. Birmingham Bd. of Educ.*, 125 S. Ct. 1497, 1510 (2005) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." *Turbe v. Gov't of the*

*V.I.*, 938 F.2d 427, 428 (3d Cir. 1991) (citing *Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); *see also Langford*, 235 F.3d at 850; *Dykes v. SE. Pa. Transp. Auth.*, 68 F.3d 1564, 1565, n.1 (3d Cir. 1995), *cert. denied*, 517 U.S. 1142 (1996); *Piecknick v. Commw. of Pa.*, 36 F.3d 1250, 1255 (3d Cir. 1994); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the claim." *Ransom* v. *Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988). Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ( "[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.").[2]

### III.   DISCUSSION

#### A.   <u>Alleged Due Process Violations/Reasonableness of Rejection of Payment Alternatives</u>

Plaintiff asserts that it was effectively denied its right to appeal. Specifically, Plaintiff asserts that " . . .the CDP Hearing did not take place. An employee, not licensed to practice

---

[2] Defendant has moved, in the alternative, for summary judgment. Plaintiff asserts that under either standard, the motion is premature as discovery has not been conducted and as Plaintiff is not in possession of certain information that the IRS maintains. Under a Rule 12(b)(6) motion, only the complaint, including documents incorporated or referred to therein, are considered. Therefore, a motion to dismiss is clearly not premature at this stage. The Court will first consider the pending motion to dismiss.

before the IRS, called on behalf of the Power of Attorney, to extend the time for the meeting. Upon reaching the Appeals Officer, Gloria Davenport, she was told that the taxpayer was not current, she had just had the CDP Hearing, and would uphold the Collection Officer's decision. The taxpayer's Power of Attorney was not present during this brief exchange. A CDP Appeal did not take place; the CDP Appeal is defacto null and void. A clear error in judgment and abuse of discretion occurred." Plaintiff's Opp., p. 7-8. Plaintiff further asserts, in generalities, that Settlement Officer Gloria Davenport was either biased against Plaintiff prior to the hearing, or became biased against Plaintiff thereafter.

Pursuant to legislative history under Title 26, United States Code, Section 6330(d)(1), the statutory authority permitting an IRS collection due process hearing, judicial review of said hearing is conducted under an abuse of discretion standard. *See* H. Rep. No. 105-599 at 266 (1998) (" . . . where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer for an abuse of discretion . . . standard of review"); *See also Christian v. Comm'r*, 91 A.F.T.R.2d 2003-2677 (E.D.Pa. 2003). Under this standard, a court must consider "whether the decision [of the hearing officer] was based on consideration of the relevant factors and whether there has been a clear error of judgment." *Id.*

Here, Plaintiff's Complaint fails to demonstrate that the decisions of Gloria Davenport were not based on relevant factors or that there was a clear error of judgment. Ms. Davenport conducted a collection hearing as is required under 26 U.S.C. § 6330. Prior to the hearing, Ms. Davenport requested, in writing, that Plaintiff provide any and all documentation to support his allegation that prior payments had been misapplied, resulting in a higher tax liability. (*See* Compl., Ex. A). Plaintiff failed to provide the requested information. The base liability (absent

interest and penalties) was not and could not be contested by Plaintiff as that liability is self-assessed and reported via Form 941.  Plaintiff requested additional time with which to provide said information and then requested "an offer" and/or an installment agreement in lieu of a lien.  However, Ms. Davenport was not required to provide additional time to Plaintiff, and because Plaintiff had outstanding tax liabilities at the time of the hearing, Ms. Davenport was also not required to allow alternative methods of payment in lieu of the instituted lien.  *See* 26 U.S.C. § 6330(c)(3); IRS Form 656 (stating that an offer in compromise should not be considered when the taxpayer is not current in its tax requirements); *AllGlass Systems, Inc. v. C.I.R.*, 330 F.Supp.2d 540 (E.D.Pa. 2004); *Olsen v. U.S.*, 2004 U.S. Dist. LEXIS 13193 at *14 (D.Mass. 2004) (where the court concluded that the denial of a taxpayer's offer in compromise due to the taxpayer's failure to submit requested financial documents was not an abuse of discretion on the part of the appeals officer).  Moreover, Exhibit A to the Complaint notes that the IRS found that it had "provided [Plaintiff] with an opportunity for a hearing and balanced the need for efficient tax collection with any concerns of intrusiveness . . . the action taken [lien] was not more intrusive than necessary."

     Here, the Court cannot disagree.  In Plaintiff's opposition to Defendant's Motion, Plaintiff's founder and CEO offers numerous reasons for Plaintiff's failure to remain current in its tax requirements, including physical issues with family members and financial difficulties post September 11, 2001.  Plaintiff's consistent noncompliance and prior inability to satisfy its tax obligations (indeed, even failure to file subsequent returns) most certainly supports the determination of the appeals officer, especially when faced with a substantial amount of unpaid tax liability.

Therefore, because Plaintiff has received every administrative level of review, and because Defendant was not required to provide additional time for documentation previously requested, nor alternative methods of payment, there is no basis for an assertion of a deprivation of due process rights.  As such, those portions of Plaintiff's Complaint shall be dismissed.  Further, based upon the time and amount of tax arrears Plaintiff had accumulated at the time of the hearing, it was reasonable for Defendant to reject Plaintiff's proposed payment alternatives and portions of Plaintiff's Complaint addressing alternative payment issues shall also be dismissed.

**B.      Errors in IRS Collection Process**

Here, Plaintiff asserts that Defendant misapplied previous payments to incorrect tax years which resulted in increased interest and penalty costs.  This issue was asserted in a conclusory manner at the time of Plaintiff's request for a hearing, and Plaintiff failed to provide the information requested by Defendant to support the allegations.  Plaintiff now asserts a particular instance by which the IRS allegedly misapplied a $4,000 payment to a previous tax year (out of some $193,960.50 owed as of December 30, 2005).

Defendant asserts that the particular instance that Plaintiff now sets forth is barred from consideration by this Court as it was not raised during the hearing.  The Court agrees.  Plaintiff failed to provide any supporting paperwork regarding misapplied payments during the IRS hearings, and Plaintiff also failed to mention the $4,000 payment or any other specifics in its Complaint.  In fact, the first time Plaintiff offered any information regarding its claimed misapplied $4,000 payments was in its opposition to Defendant's Motion and even then without any supporting documentation.  Plaintiff's belated attempt to raise issues not previously raised

during the administrative hearings is precluded pursuant to Treasury Regulation Section 301.6330-1(f)(2).  *See also Living Care Alternatives of Utica Inc. v. United States*, 411 F.3d 621, 625 (6th Cir. 2005) ("the district court may only review issues that were originally raised in the collection due process hearing").  Further, although Plaintiff made a general assertion during the administrative hearings and in the present Complaint that it thought that payments were misapplied, that assertion, without more, simply amounts to an unsubstantiated claim.[3]  As previously discussed, the Court is not obligated to accept such "bald assertions."  Neither was the IRS during the administrative hearings.

As such, Defendant's Motion to Dismiss in this regard shall be granted.  Plaintiff is precluded, pursuant to Treas. Reg. § 301.6330-1(f)(2) from raising this issue on appeal, and even if Plaintiff was not precluded, under the 12(b)(6) standard, Plaintiff's allegations regarding misapplication of payments as set forth in its Complaint amounts to nothing more than an unsubstantiated assertion that the Court is not obligated to accept.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Complaint under Rule 12(b)(6) is granted.

```
                                    s/Garrett E. Brown, Jr.
                                    GARRETT E. BROWN, JR
                                    CHIEF UNITED STATES DISTRICT JUDGE
```

Dated: February 16, 2007

---

[3] As noted above, even in its assertion of the $4,000 misapplied payment as set forth in its opposition to Defendant's Motion to Dismiss, Plaintiff fails to offer any sort of evidentiary support, only a declaration by Plaintiff's founder and CEO that "the IRS appears to have applied" a $4,000 payment designated for one tax period to another tax year for which it was not intended.